IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-03343-RPM

NICHOLAS J. RADER,

    Plaintiff,

v.

ENSIGN UNITED STATES DRILLING, INC., and ADAM ROESELER,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This matter comes before the Court on Plaintiff Nicholas J. Rader ("Plaintiff"), Defendant Ensign United States Drilling, Inc., ("Ensign"), and Defendant Adam Roeseler ("Roeseler"), collectively the Parties' Stipulated Motion for Entry of Stipulated Protective Order. Pursuant to Federal Rule of Civil Procedure 26(c), the Parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information.

Therefore, IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, disclosures, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery rights and duties under the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes electronically-stored information and other data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates common law and/or statutory privacy or confidentiality interests such as: (a) personnel and payroll records of current or former employees of Ensign; (b) Ensign's trade secrets and commercial, financial, or insurance information; (c) non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case); (d) Plaintiff and/or Roeseler's tax returns and other financial information; (e) Plaintiff and/or Roeseler's personal, private or medical information; and (f) any other material qualifying for protection under Fed. R. Civ. P. 26(c).

4. The parties recognize that CONFIDENTIAL information may include, but is not limited to, sensitive and non-public information and records concerning compensation, Ensign's employees' duties and performance, Ensign's employees' discipline and promotions, personnel decisions and other documents related to Ensign's employees and Plaintiff or Roeseler's employment with Ensign.

5. As a condition of designating documents for confidential treatment, the documents must be reviewed by a party's legal counsel and a good faith determination must be made that the documents are entitled to protection.

6. A party designating documents as CONFIDENTIAL may do so by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other

appropriate notice on every page or in a manner to indicate the pages containing confidential information: "CONFIDENTIAL". With the exception of depositions, which are discussed in Paragraph 7, information, documents, and/or other materials unintentionally produced without a CONFIDENTIAL designation or produced before the Stipulated Protective Order is issued, may be retroactively designated in the same manner, as outlined in Paragraph 14.

      7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice is promptly given to counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      8.      A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party that designated the disputed information and all other parties to the civil action through their attorneys of record within twenty (20) days. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order. The disputed information shall be treated as CONFIDENTIAL until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information

shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. Any designation of confidentiality or challenge of a designation of confidentiality shall be governed by Fed. R. Civ. P. 26(c)(1).

9. CONFIDENTIAL documents, materials, and information shall not be disclosed or used by the party or parties receiving them from the party or parties who have designated the documents, materials, or information as CONFIDENTIAL, for any purpose except the preparation, adjudication, and resolution of this action. This prohibition on use or disclosure does not mean, and will not be interpreted to require, that the party receiving documents, materials, and information designated CONFIDENTIAL is prohibited in using this information in any manner which is consistent with a specific prior or superseding right of use or disclosure.

10. All information designated CONFIDENTIAL may be reviewed only by the following persons:

    a) the respective parties' legal counsel working on this case;

    b) persons regularly employed or associated with the respective parties' legal counsel whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c) the parties, including Plaintiff's and Defendants' representative(s) and any designated advisory witnesses who are directly assisting said legal counsel in the preparation of this case;

    d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e) the Court and its employees in any proceeding herein through public filing;

    f) stenographic or videographer reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g) deponents, witnesses, or potential witnesses during the course of their testimony and in preparation for testimony; and

    h) other persons by written agreement of the parties.

11. Before the parties or their counsel may disclose any CONFIDENTIAL information to persons contemplated by Subparagraphs 10(d), (g), and (h) of this Stipulated Protective Order, other than a witness during his or her testimony, such person shall be provided a copy of this Stipulated Protective Order.

12. The duty to keep confidential any information or documents designated as CONFIDENTIAL survives the completion of this case. CONFIDENTIAL documents shall be maintained and destroyed pursuant to normal document retention policies, so long as those policies preclude others, including the parties and their agents (other than undersigned counsel), from obtaining such documents.

13. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegals, employees, and associates are precluded from producing or providing CONFIDENTIAL information that is subject to this Stipulated Protective Order to any print, electronic, or news media representatives, employees, or agents and are prohibited from

disclosing any information contained in such documents to those individuals, unless the information has otherwise been made public by the designating party.

14. Any item or information inadvertently furnished by the producing party or nonparty during the course of this litigation without designation of CONFIDENTIAL may nevertheless subsequently be designated as CONFIDENTIAL under this Order, but only if counsel for the producing party provides prompt written notice to all receiving parties of the inadvertent production within twenty (20) days after the production and requests that the receiving parties thereafter treat such information as CONFIDENTIAL under this Order. No disclosures of such inadvertently produced information shall be deemed to violate this Order if the disclosure is made prior to the receipt of notice of the producing party's designation of the information as CONFIDENTIAL. In the event that the inadvertent production of otherwise confidential information is discovered more than twenty days after its production, the producing party may seek, in writing, waiver of the twenty day requirement and permission to designate the information at CONFIDENTIAL. In the absence of agreement amongst the parties, the party seeking to establish a subsequent effective designation of information as CONFIDENTIAL may move the court for approval of such a subsequent designation under this paragraph. The party or parties seeking to establish the effectiveness of such a later designation of information as CONFIDENTIAL will have the burden of establishing good cause for the delay in designating, as well as the need for such designation. In determining good cause the court will consider factors of excusable neglect, inadvertence, diligence, the needs of the parties in the action, potential for undue prejudice, delay, or expense, and the equities.

15. If a party intends to use CONFIDENTIAL information at trial, said party shall specifically identify the CONFIDENTIAL information that it/they intend to introduce at trial in the Final Pretrial Order, pursuant to D.C.COLO.L.Civ.R 16.3.

16. In the event that the parties to this litigation, their counsel, or any parties who have consented to be bound to the terms of this Stipulated Protective Order, knowingly violate the terms or conditions of this Stipulated Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any contempt proceedings or an action concerning a litigant's rights to injunctive or other relief as a result of such violations.

17. The parties will continue to be bound by the terms of this Protective Order with respect to any CONFIDENTIAL document or deposition transcript referring to a CONFIDENTIAL document stored by counsel after the conclusion of this litigation. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.

18. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information in this action.

19. Nothing in this Protective Order precludes a party from making any use of documents that were lawfully in its possession at the beginning of this lawsuit. Ensign confirms that, with respect to any health information of Plaintiff in its possession prior to this lawsuit, it will continue to abide by all legal obligations regarding confidentiality applicable to employers in possession of such information. It is recognized that documents and information lawfully

possessed or available to the parties prior to this civil action will contain similar or overlapping information compared to information designated as CONFIDENTIAL pursuant to this Order.

20. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

DATED this 18th day of March, 2015.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge

APPROVED AS TO FORM:

*s/ Dennis P. Walker*
Dennis P. Walker
Boesen Law, LLC
4100 East Mississippi Ave., Suite 1900
Denver, Colorado 80246
303-999-9999
dwalker@boesenlaw.com

*Attorney for Plaintiff*
*Nicholas J. Rader*

s/ *Brooke A. Colaizzi*_____
Brooke A. Colaizzi
Beth Ann Lennon
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 299-8471
(303) 299-8102
(303) 298-0940 (fax)
bcolaizzi@shermanhoward.com
blennon@shermanhoward.com

*Attorneys for Defendants*
*Ensign United States Drilling, Inc.*
*and Adam Roeseler*